THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS WARHAFTIG, Relator, *v.* JOSEPH A. McCANN, as Warden of the Workhouse, Respondent.

Supreme Court, New York County, March 2, 1926.

Crimes — sentence — first sentence held to be invalid under habeas corpus proceeding — relator cannot now contend said sentence was valid on habeas corpus proceeding to test validity of resentence — fact that court making resentence was sitting as Court of Special Sessions and not as Magistrate's Court does not invalidate resentence.

Relator, having been convicted for a violation of the Highway Law and illegally sentenced to a county penitentiary for one year and fined $500 cannot, upon a habeas corpus proceeding to determine the validity of a resentence which imposed an indeterminate term of two years under the Parole Commission Law (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287), contend that the first sentence was valid, where he had previously contended that it was invalid.

The fact that the court making the resentence was sitting as a Court of Special Sessions and not as a Magistrate's Court, does not invalidate said resentence.

HABEAS CORPUS proceeding challenging validity of sentence under the Parole Commission Law.

*K. Henry Rosenberg,* for the relator.

*Charles J. Dodd, District Attorney Kings County [Henry J. Walsh, Assistant District Attorney,* of counsel], for the respondent.

LEVY, J. The relator upon a conviction for a violation of the Highway Law was sentenced on March 4, 1925, to the New York County Penitentiary for a term of one year and fined the sum of $500. On November 25, 1925, upon the ground that the sentence thus imposed was illegal, Mr. Justice FORD sustained a writ of habeas corpus and directed that the relator be resentenced in keeping with law. He was brought back for that purpose and given an indeterminate term of two years under the Parole Commission Law (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287), which was to run from the date of the original sentence. In the proceedings before me he now urges that the latter sentence was illegal and that the first sentence was valid. Having taken the position previously that the original sentence was invalid and having succeeded in having it so declared by Mr. Justice FORD, the relator should not now, in the circumstances here presented,

be permitted to contend that he is entitled to have the original sentence reinstated. If the indeterminate sentence is invalid, he will have to be resentenced again. But I am not convinced as to its invalidity. The relator's claim that the court could not sentence him to the workhouse under the Parole Commission Law, because it was sitting as a Court of Special Sessions and not as a Magistrate's Court, is at best highly technical and far-fetched. If any injustice has been done him in the difference of time that he is required to serve, it appears to me that the Parole Commission, in view of what has occurred, is in a far better position to redress it. I am confident that this Commission will indeed take into account the grievance of the relator in the respect pointed out and do with him as even-handed justice fully requires. The writ is dismissed.